## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DAVID KNIGHT,

      Plaintiff,               Case No.: 8:13-cv-310-T-36EAJ

vs.                          Judge:  Honorable Charlene Edwards Honeywell

PAUL & RON ENTERPRISES, INC.,
a Florida profit corporation,
d/b/a TRI-COUNTY POOLS,

      Defendant.

_____/

## DEFENDANT'S TRIAL BRIEF

Pursuant to this Court's Case Management and Scheduling Order dated July 25, 2013, Defendant, by and through its undersigned attorney, hereby files its Trial Brief as follows:

## SUMMARY OF ARGUMENT

Plaintiff qualifies as an administratively exempt employee for purposes of the Fair Labor Standards Act ("FLSA") and therefore is not entitled to overtime pay.  Plaintiff was paid in excess of $455.00 per week, Plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of Defendant and Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

## FACTS (during relevant time period of July, 2011 to May, 2012)

Plaintiff was employed as the superintendent of construction or construction manager for Defendant.  As the superintendent of construction for Defendant, Plaintiff was responsible for the management of all aspects of Defendant's construction projects and was paid a salary of at least $800 per week.  Plaintiff worked Monday through Friday and set his own work schedule.  Plaintiff frequently arrived at work late, left early or took off during the day for personal reasons.  Despite this, Plaintiff's salary was not reduced except for one occasion.  Plaintiff received his regular salary despite the number of hours worked even when he worked fewer than forty (40) hours per week which he occasionally did.  Plaintiff did not request permission to arrive late, leave early or take time off during the work day.  Plaintiff was given the use of a company truck by Defendant.  On one occasion, Plaintiff left work early and his company vehicle was spotted at Countryside Mall.  Plaintiff initially denied being at the mall but it was later discovered and Plaintiff later admitted that he had been at the mall (for personal, social reasons) and that he had not been truthful.  Because he was untruthful, Plaintiff's wages were reduced for one-half a day for the time that he was at the mall on personal business and not on Defendant's business.  Plaintiff had a private, exclusive office (equipped with desk, credenza, chairs, telephone, etc.) in Defendant's office.  Plaintiff had the use of a portable, electronic tablet and secretarial and office staff comprised of April Larson and Tammy Larson.  Plaintiff spent a substantial amount of time in the office.  Plaintiff was present in the office nearly every work day and spent approximately two (2) to four (4) hours in the office on management duties each day.  Plaintiff spent more time in the office on Fridays and on weekdays that it rained.  Plaintiff also performed management

2

duties while traveling in the company truck and at various jobsites.  Plaintiff's duties and authority as superintendent of construction remained the same during Plaintiff's tenure as superintendent of construction.  Plaintiff's duties included the following:

a.   scheduling Defendant's subcontractors for work.

b.   scheduling Defendant's employees to perform various tasks.

c.   determining the amount and type of materials to be ordered.

d.   determining which projects were ready for inspections.

e.   pricing materials.

f.   calculating the needs of a project in terms of material and labor and costs of labor and material.

g.   negotiating change orders with customers during construction.

h.   negotiating change orders with subcontractors.

i.   ordering Defendant's employees to perform various tasks.

j.   dealing with customer disputes and complaints.

k.   managing Defendant's subcontractors constructing swimming pool projects.

l.   verifying accounts payable for payment including subcontractor invoices and material persons.

m.   verifying discounts and concessions given by Plaintiff to Defendant's customers.

n.   resolving disputes with subcontractors and between subcontractors.

o.  other managerial duties.

Plaintiff's duties required almost no manual work by Plaintiff and Plaintiff performed almost no manual work.   Any manual work consisted of Plaintiff, at his discretion, performing minor "punch list" items on an infrequent basis.   Plaintiff performed no production work or construction work on Defendant's swimming pool projects.   All production work or construction work was performed by Defendant's subcontractors. Plaintiff was authorized to negotiate modifications (i.e. change orders) to contracts with customers and subcontractors on behalf of Defendant.   Plaintiff frequently exercised such authority by negotiating change orders with customers.   Plaintiff's duty was also to ensure that all work performed by Defendant's subcontractors complied with all applicable municipal and county building codes so the construction project would pass inspection by municipal and county building inspections.   Plaintiff was authorized to resolve site inspection issues with municipal and county building inspectors.   Plaintiff exercised such authority as such issues arose.   One of Plaintiff's duties was to ensure that all work performed by Defendant's subcontractors was free from defects in material and workmanship.   This involved specialized knowledge of the industry.   Most of Plaintiff's duties involved managing Defendant's employees, subcontractors and others and involved the exercise of discretion and knowledge of a construction superintendent or manager.   Ordinary laborers or employees could not perform the job duties of Plaintiff's position with Defendant.   Plaintiff had discretion and exercised discretion in hiring any subcontractor he desired as long as the subcontractor had the workers' compensation coverage and general liability insurance required by all subcontractors under Florida law.

4

Defendant did not have any formal operating policies and Plaintiff often exercised his discretion in dealing with issues that came up involving employees, customers, subcontractors, material persons and governmental officials.  Plaintiff negotiated "punch list" items with customers at the completion of each job.  Plaintiff had the discretion and exercised the discretion to issue concessions, rebates, discounts or other allowances to customers.  On his own initiative, Plaintiff prepared business forms utilized by him and Defendant.  Plaintiff had the discretion to improvise in terms of design and construction of a project and he exercised such discretion including a swimming pool project in St. Petersburg, Florida.  Plaintiff routinely ordered Daniel Sanford, Tammy Larson and April Larson to perform various tasks to assist Plaintiff in managing Defendant's construction projects.  These three individuals were employees during Plaintiff's employment with Defendant.  Plaintiff would routinely order Mr. Sanford to perform various tasks including manual labor.  Plaintiff would instruct April Larson to schedule inspections by municipal and county building inspectors for Defendant's construction projects.  Plaintiff would also order Tammy Larson to order various materials for various jobs and inform the subcontractors of their scheduling.  Plaintiff routinely ordered Tammy Larson to pay or not pay various invoices and bills of subcontractors and material persons.  Plaintiff would also order Tammy Larson to extend a rebate or discount to various customers as determined by Plaintiff in his discretion.  These functions required the exercise of management discretion by Plaintiff.  Defendant did not reduce any salary payment to Plaintiff due to lack of work for Plaintiff.  To the extent that any deduction made by Defendant to Plaintiff's salary is not proper (under federal regulations), such deduction

5

was inadvertent or made for reasons other than lack of work and Defendant is ready, willing and able to reimburse Plaintiff for any such deduction and Defendant promises not to make any inappropriate deduction to any salaried employee in the future.

## MEMORANDUM OF LAW

In order for Plaintiff to be administratively exempt under the FLSA, Defendant must establish that (1) Plaintiff was paid a salary of at least $455.00 per week, (2) Plaintiff's primary duty was the performance of office or non-manual work directly related to management policies or general business operations of Defendant or Defendant's customers and (3) Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.  29 U.S.C. Section 213(a)(1) and 29 C.F.R. Section 541.200(a).

I.    Salary Requirement.

Plaintiff was paid a weekly salary of substantially in excess of $455.00 per week. Any one-time deduction to Plaintiff's salary is insufficient to declassify Plaintiff as a salaried employee. *Auer v. Robins*, 519 U.S. 452, 462 (1997).  Additionally, Defendant is allowed to take corrective action to preserve Plaintiff's exempt-salary status.  29 C.F.R. Section 541.118(a)(6).

II.    Management or General Business Requirement.

Plaintiff's primary duties were related to management or general business operations of Defendant.  Plaintiff's primary duties involved budgeting (calculating labor and material costs), quality control (inspecting subcontractor's work), purchasing (ordering materials), procurement (hiring subcontractors, negotiating customer change

6

orders and subcontractor change orders), personnel management (scheduling subcontractors, scheduling employee tasks), labor relations (resolving subcontractor disputes) public relations (resolving customer disputes) and legal and regulatory compliance (final municipal and county inspections and resolving any issues). These functions indicate that Plaintiff is administratively exempt under the FLSA. 29 C.F.R. Section 541.201(b).

III. <u>Discretion or Independent Judgment Requirement</u>.

Plaintiff's duties required the exercise of discretionary or independent judgment with respect to matters of significance. Plaintiff routinely exercised his discretion including hiring subcontractors, determining schedules of all subcontractors and preparing business forms that he desired to utilize. Plaintiff also was authorized and did in fact exercise discretion in resolving disputes with customers and subcontractors. Plaintiff also had the authority to formulate and implement management policies and operating procedures. Plaintiff also carried out major assignments in conducting the operations of Defendant's business. Plaintiff performed work that affected Defendant's business operations to a substantial degree. Plaintiff had the authority to commit Defendant in matters that had significant financial impact. Plaintiff had the authority to waive or deviate from established policies and procedures without prior approval. Plaintiff had the authority to negotiate and bind Defendant on significant matters. Plaintiff provided consultation or expert advice to Defendant. Plaintiff investigated and resolved matters of significance on behalf of Defendant. Plaintiff represented Defendant in handling complaints, arbitrating disputes and resolving grievances. These functions

indicate that Plaintiff is administratively exempt under the FLSA.  *See* 29 C.F.R. Section 541.202(b).

Finally, Plaintiff's position also involved him acting as a team leader of other employees assigned to him to complete major construction projects for Defendant. Plaintiff was responsible for the overall management of the construction projects and a team of other employees (Tammy Larson, April Larson and Daniel Sanford) who assisted him.   Therefore, Plaintiff was administratively exempt.   *See* 29 C.F.R. Section 541.203(c).

**CONCLUSION**

Plaintiff qualified as an administratively-exempt employee under the FLSA for purposes of overtime pay.

*/s/ David C. Levenreich*_____
DAVID C. LEVENREICH
ATTORNEY AND COUNSELOR AT LAW

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 27, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsels of record in this action.

*/s/ David C. Levenreich* _____
DAVID C. LEVENREICH
ATTORNEY AND COUNSELOR AT LAW
406 S. Prospect Avenue
Clearwater, Florida  33756
(727) 441-8485 (telephone)
dclevenreich@yahoo.com (primary e-mail service)
levenreich@gmail.com (secondary e-mail service)
FBN 402370
Counsel for Defendant