UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID KNIGHT,

    Plaintiff,

v.                                    Case No: 8:13-cv-310-T-36EAJ

PAUL & RON ENTERPRISES, INC.,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff David Knight's Motion for Summary Judgment (Doc. 32). Defendant Paul & Ron Enterprises, Inc., d/b/a Tri-County Pools ("Tri County") responded in opposition to the motion for summary judgment (Doc. 33). Upon due consideration of the parties' submissions, and for the reasons that follow, the Court will deny Knight's Motion for Summary Judgment.

**I.    STATEMENT OF FACTS[1]**

This action arises from Knight's dispute with Tri County over Tri County's failure to pay him overtime wages, allegedly in violation of the Fair Labor Standards Act ("FLSA"). Tri County is a business that provides custom pool and spa construction and remodeling services. Doc. 40 ¶ 3. From approximately July 2011 through May 2, 2012, Knight was employed there as superintendent of construction, for which Tri County generally paid him between $800 to $900 a

---

[1] The Court has determined the facts based on the parties' submissions, including the stipulation of agreed material facts, affidavits, and accompanying exhibits filed with the Court. The Court notes that the parties filed an Amended Stipulation of Agreed Material Facts without seeking leave of this Court to do so and after the expiration of the deadline to file a stipulation of agreed material facts. *See* Docs. 38, 40. Nevertheless, in the interest of efficiency, the Court will accept the parties' Amended Stipulation of Agreed Material Facts.

week. Doc. 40 ¶¶ 2, 4. During this period, Tri County did not pay him overtime for any hours he worked in excess of forty per workweek, Doc. 40 ¶ 5, and, on a single occasion, deducted his weekly pay by half a day's wages, Docs. 33-1 ("Mathews Aff.") ¶ 5; 32-4. Knight now moves the Court for summary judgment, arguing that there is no genuine dispute: (1) that he is not administratively exempt from the overtime provisions of the FLSA; (2) that Tri County is an enterprise subject to coverage under the FLSA; and (3) that he is entitled to liquidated damages.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id.* at 324. Issues of fact are "genuine only if a reasonable jury, considering the evidence present, could find for the nonmoving party," and a fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). In determining whether a genuine issue of material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 323.

### III. DISCUSSION

#### A. Knight's Exemption Status

An employee is administratively exempt from the overtime provisions of the FLSA if he is employed in a "bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). "For the administrative exemption to apply, an employee must (1) earn no less than $455 per week, (2) have primary duties that involve 'the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers,' and (3) exercise 'discretion and independent judgment with respect to matters of significance' in performing his primary duties." *Rock v. Ray Anthony Int'l, LLC*, 380 Fed. App'x 875, 877 (11th Cir. 2010) (quoting 29 C.F.R. § 541.200(a)). FLSA exemptions are to be construed narrowly, and the employer bears the ultimate burden of proving that an exemption applies. *See Adams v. BSI Management Sys. Am., Inc.*, 523 Fed. App'x 658, 660 (11th Cir. 2013).

Knight argues that, as a matter of law, he does not satisfy any of the three elements required for an administrative exemption to apply. As to the first element, Knight does not contest that he was paid over $455 per week, but he argues that he was not paid on a "salary basis" because his work was "subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602; *see also Bell v. Callaway Partners, LLC*, 394 Fed. App'x 632, 634 (11th Cir. 2010). Tri County concedes that Knight's pay was deducted on one occasion, Doc. 40 ¶ 4; Mathews Aff. ¶ 5, but avers that, to the extent the deduction was improper under federal regulations, it is willing and able to reimburse him, Mathews Aff. ¶ 20. Because this was the only instance of pay reduction during Knight's employ, there remains a genuine dispute as to whether he was paid on a salary basis. *See* 29 CFR § 541.603(c) ("Improper deductions that are either

isolated or inadvertent will not result in loss of the exemption . . . if the employer reimburses the employees for such improper deductions.").

As to the second element, Knight argues that "none of [his] duties, let alone his 'primary duty,' related to the 'management or general business operations of the employer or the employer's customers.'" Doc. 32 ("Pl. Br.") at 11; 29 C.F.R. § 541.200(a)(2). Knight claims that his primary job responsibility was working on the production end of Tri County, which involved tasks such as "babysitting" installations and ensuring that jobs were completed in a timely manner and in compliance with industry standards. Doc. 32-1 ("Knight Decl.") ¶¶ 8-14, 36-39; Pl. Br. at 12-13. According to Knight, he was essentially no more than "a production worker who followed . . . [Tri County's] guidelines . . . ." Pl. Br. at 13. Tri County disputes Knight's characterization of his job description, claiming that his primary duties included, *inter alia*, scheduling and managing subcontractors, determining the amount and type of materials to be ordered, pricing materials, determining which projects were ready for inspection, negotiating change orders with customers and subcontractors, and verifying accounts payable, which were related to Tri County's general business operations. Doc. 33-3 ("Larson Aff.") ¶ 4; Mathews Aff. ¶¶ 7, 9, 11, 13, 15, 18.

The Court notes that many of the tasks that Tri County claims constitute Knight's primary duties do not involve its general business operations, but rather relate only to its "primary service goal" of successfully installing and/or remodeling pools. *See Cotten v. HFS-USA Inc.*, 620 F. Supp. 2d 1342, 1348-49 (M.D. Fla. 2009) (in denying defendant's motion for summary judgment, holding that there was a genuine dispute as to whether plaintiff was exempt because, although he "managed" installation sites, his duties were concerned with ensuring that installers received their work orders, retrieved the correct materials, and completed the installation job as specified in the contract and work order, which were "precisely the type that have been found to be consistent with

4

production rather than administration"); *Gottlieb v. Constr. Servs. & Consultants, Inc.*, Case No. 05-cv-14139, 2006 WL 5503644, at *5-6 (S.D. Fla. July 24, 2006) (holding that plaintiff was not exempt because his primary duties of scheduling subcontractors and supplies, filling out required forms, and inspecting the work of subcontractors "involved producing the product [defendant] existed to market rather than servicing [defendant] itself").

Unlike the plaintiff in *Cotten*, however, at least some of Knight's purported duties, such as hiring subcontractors, negotiating and executing change orders, adjusting pricing, and managing Tri County's employees, Mathews Aff. ¶¶ 7, 14; Larson Aff. ¶ 4, implicate Tri County's general business operations. *Accord Black v. Colaska Inc.*, Case No. 07-cv-823, 2008 WL 4681567, at *8-9 (W.D. Wash. Oct. 20, 2008) (holding that plaintiff who signed subcontracts and change orders, determined the number of employees needed at a job site, scheduled the work, and prepared cost analyses was an exempt administrative employee). Accordingly, although close, when viewed in the light most favorable to Tri County, the Court concludes that there is a genuine issue of material fact as to whether Knight's primary duties related to Tri County's general business operations.

Finally, Knight argues that he did not exercise discretion or independent judgment with respect to matters of significance because, in performing his inspection work, he was "simply following well-established general industry standards and/or standards predetermined by Defendant and Defendant's customer in the contract for such work," and, to the extent he hired subcontractors or installers, he was "required to choose a subcontractor/installer from a list previously approved and authorized by Defendant." Pl. Br. at 15-16. However, even assuming that these two tasks do not require the exercise of discretion and independent judgment (which the Court does not necessarily so find), Knight's argument fails because it presupposes that these were

in fact his primary duties. The record does not indisputably support this—rather, according to Tri County, Knight's job responsibilities also involved issuing concessions and allowances to customers, negotiating change orders with subcontractors and customers, and resolving subcontractor and customer disputes, Mathews Aff. ¶¶ 7, 10, 15.

When viewed in a light most favorable to Tri County, a reasonable jury could conclude that Knight exercised discretion and independent judgment with respect to matters of significance in performing his primary duties. *See* 29 C.F.R. § 541.202(b) ("Factors to consider . . . include . . . whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices"; "whether the employee has authority to negotiate and bind the company on significant matters"; and "whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances"); *accord Papesh v. NCM of Collier County, Inc.*, Case No. 08-cv-78, 2009 WL 1513420, at *3-4 (M.D. Fla. May 27, 2009) (denying plaintiff's motion for summary judgment in light of evidence that plaintiff had the authority to negotiate and resolve matters on defendant's behalf).

Accordingly, as Tri County has demonstrated that there is a genuine dispute of material fact with each of the three elements of the administrative exemption provision, the Court will deny Knight's motion for summary judgment as to this issue.

B.  **Tri County's Status as a Covered Enterprise[2]**

---

[2] Tri County has apparently declined to address this section of Knight's motion for summary judgment. The Court will therefore consider any fact or portion thereof not specifically contradicted by Tri County to be undisputed. *See* Fed. R. Civ. P. 56(e). The Court, however, must independently address the merits, if any, of Knight's claims. *See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004) ("the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion").

The overtime provisions of the FLSA apply only to an employee "who in any workweek is engaged in commerce or in the production of goods for commerce," or who is "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a); *see also Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). An "enterprise engaged in commerce or in the production of goods for commerce" is defined, in relevant part, as one that: (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) has at least $500,000 of "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A); *see also Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010). The term "commerce" is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b); *see also Polycarpe*, 616 F.3d at 1221.

Knight argues that Tri County is a covered enterprise because it had at least $500,000 of annual gross volume of sales made and employed two or more workers who handled and/or otherwise worked on marble imported from out-of-state. Pl. Br. at 18; Knight Decl. ¶¶ 32-34. Tri County concedes that, for all the relevant time periods, its gross annual revenues exceeded the $500,000 threshold, Doc. 40 ¶ 17, but disputes that it ever installed marble in any of its pools or spas or that the personnel working on the installations were its employees, Mathews Aff. ¶ 16. Rather, according to Tri County, it installed marcite in some pools, with the work being performed by its subcontractors and not its employees. Mathews Aff. ¶ 16. Accordingly, because there is a genuine issue of material fact as to whether Tri County used out-of-state materials and whether

7

the personnel who handled or otherwise worked on those materials were its employees, the Court will deny Knight's motion for summary judgment as to this issue.

### C. Liquidated Damages[3]

The FLSA provides that "[a]ny employer who violates . . . [29 U.S.C. § 207] shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An employer may avoid such liability, however, if it shows that "such action was in good faith" and that there were "reasonable grounds for believing that [the] act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. To satisfy the subjective "good faith" component, the employer must affirmatively establish that "it had an honest intention to ascertain what the Act requires and to act in accordance with it." *Davila v. Menendez*, 717 F.3d 1179, 1186 (11th Cir. 2013) (quotation marks and citation omitted).

Knight argues that he is entitled to summary judgment on liquidated damages because Tri County conceded that it failed to consult with the Department of Labor to establish whether its pay practices were legal and failed to attend any seminars or informational sessions on the FLSA, Doc. 32-3 at 100, thus precluding a showing that any potential violation was made in good faith. However, although these omissions may make it more difficult for Tri County to establish that it acted in good faith, summary judgment is not appropriate here, where many material factual issues have yet to be resolved. *See Papesh*, 2009 WL 1513420, at *4-5 (denying plaintiff's motion for summary judgment as to liquidated damages because "[t]hese determinations depend upon a finding of what Plaintiff's job responsibilities actually entailed"); *Davila*, 717 F.3d at 1186 (11th

---

[3] As with Section III.B, *supra*, Tri County has failed to address this section of Knight's motion for summary judgment, but the Court must still evaluate the merits of Knight's claims. *See One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d at 1101-02.

8

Cir. 2013) ("Before making a determination as to [plaintiff's] entitlement to liquidated damages, the district court was required to await the finding of the jury about willfulness."). Indeed, the Court is not aware of any requirement that an employer must consult with the Department of Labor or attend seminars or informational sessions on the FLSA as a prerequisite to establishing a good faith defense. Accordingly, summary judgment as to this issue is denied.

## IV. CONCLUSION

Plaintiff David Knight is not entitled to judgment as a matter of law because genuine issues of material fact exist. Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. 32) is DENIED.

**DONE AND ORDERED** in Tampa, Florida on September 12, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record