```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION

              Case No. 8:13-cv-310-T-36EAJ

DAVID KNIGHT,

              Plaintiff
                                          6 October 2014
-vs-                                         12:25 p.m.
                                          Courtroom 13A
PAUL & RON ENTERPRISES, INC.,
d/b/a TRI-COUNTY POOLS,
a Florida Profit Corporation,

              Defendant.
_____/


              TRANSCRIPT OF PROCEEDINGS
    (EXCERPT OF JURY TRIAL - OPENING STATEMENTS ONLY)
    BEFORE THE HONORABLE CHARLENE EDWARDS HONEYWELL,
           UNITED STATES DISTRICT COURT JUDGE

APPEARANCES

For the Plaintiff:    CARLOS V. LEACH, ESQUIRE
                      Morgan & Morgan, P.A.
                      20 North Orange Avenue
                      Suite 1600
                      Post Office Box 4797
                      Orlando, Florida 32801
                      Phone:  (407) 420-1414
                      Fax:  (407) 425-8171
                      cleach@forthepeople.com

                      AMANDA E. KAYFUS, ESQUIRE
                      Morgan & Morgan, P.A.
                      600 North Pine Island Road
                      Suite 400
                      Plantation, Florida 33324
                      Phone:  (954) 318-0268
                      Fax:  (054) 333-3515
                      akayfus@forthepeople.com

(appearances continued on next page)

STENOGRAPHICALLY REPORTED
COMPUTER-AIDED TRANSCRIPTION
```

*Sherrill L. Jackson, RPR, FRP*
*Official Court Reporter, U.S. District Court*
*Middle District of Florida, Tampa Division*

```
For the Defendant:       RICHARD C. LEVENREICH, ESQUIRE
                         David C. Levenreich, Attorney and
                              Counselor at Law
                         406 South Prospect Avenue
                         Clearwater, Florida 33756
                         Phone:  (727) 441-8485
                         Fax:  (727) 441-4558
                         dclevenreich@yahoo.com

ALSO PRESENT             DAVID KNIGHT (Plaintiff)
                         PATRICK MATTHEWS (Corporate
                              Representative of Defendant)
                         ARIANA ROMERO (Courtroom Deputy
                              Clerk)
                         GAIL WILLIAMS (Court Security
                              Officer)

REPORTED BY              SHERRILL L. JACKSON, RPR, FPR
                         Federal Official Court Reporter
                         801 North Florida Avenue
                         Suite 13A
                         Tampa, Florida 33602
                         Phone:  (813) 301-5041
                         stenorella@aol.com
```

*I N D E X   T O   P R O C E E D I N G S*

Page

OPENING STATEMENTS ..................................... 4

CERTIFICATE OF REPORTER ................................ 11

*I N D E X   T O   E X H I B I T S*

Page

(None marked or received in this volume)

```
 1                P R O C E E D I N G S      (12:25 p.m.)
 2   * * * * * * * * * * * * * * * * * * * * * * * * * *
```

3         MS. KAYFUS:  May it please the court.  Good
4  afternoon.
5         Theodore Roosevelt once said that every worker
6  deserves a fair day's pay for a fair day's work, and today
7  in this courtroom you will help decide that very issue.
8  This is a case about working-class America, and the evidence
9  will show that this is about a company that failed to
10 respect the federal overtime laws in this country, and the
11 evidence will further show that when called out on it by my
12 client, Mr. David Knight, instead of seeking to remedy the
13 situation, the defendants in this case instead sought to
14 hide behind an excuse for their failure to pay overtime.
15        This is a simple case with simple facts to apply
16 to a fairly simple law.  As you will hear, the Fair Labor
17 Standards Act is a federal law designed to regulate
18 employees' right to proper overtime and proper minimum
19 wages.  Under this law, an employer is required to pay its
20 employees an overtime rate of pay at one-half the regular
21 hourly rate for all hours worked over 40 in a workweek
22 unless a specific exemption applies; and over the next few
23 days you will hear there's no way no such exemption applies
24 to my client, Mr. Knight.
25        Now, throughout this case you'll see and hear some

1  disputes about the facts, a lot of he said/she said,
2  witnesses telling stories differently, describing facts in a
3  different manner; and you'll ask yourself, "How am I
4  supposed to know exactly what happened here?"  The short
5  answer is you can't, and you won't.  That's because you
6  weren't there.  The judge wasn't there.  The lawyers weren't
7  will.  Only the witnesses.  The good news is we won't ask
8  you to do the impossible and decide for certain what exactly
9  happened.
10            MR. LEVENREICH:  Your Honor, I'm going to object.
11  This is supposed to be an opening statement, not a closing
12  argument.  Most of what she said is not what the facts would
13  show.  It's argumentative, intending to influence the jury.
14  It's not an opening statement; it's closing argument.
15            THE COURT:  Objection's overruled.  You may
16  continue.
17            MS. KAYFUS:  As I said, you will not be asked to
18  do the impossible and determine everything for certain.
19  Instead, as the judge mentioned earlier here today, in these
20  cases we apply a burden, referred to as the "preponderance
21  of the evidence."  What this means is that rather than
22  decide whether these events actually happened, instead
23  you'll be asked to decide whether it's more likely than not
24  they took place.
25            Now, let's talk briefly about the framework.

```
 1              To succeed on his claim, my client must prove
 2  three elements by that burden we discussed, the
 3  preponderance of the evidence.  The first element is that he
 4  was employed by the defendant in this case, Tri-County
 5  Pools; the second is that he worked more than 40 hours per
 6  week; and the third is that he was not paid an overtime rate
 7  for those hours that he worked over 40.
 8              Now, as the evidence will show over the next few
 9  days, those three elements are easily met.  The only
10  question then is whether the defendant then can use their
11  excuse to avoid paying my client overtime.
12              And to use that excuse, the burden is on the
13  defendant again by that preponderance of the evidence we
14  discussed.
15              The defendant must prove each of the following
16  facts by this preponderance of the evidence:  First, that
17  Mr. Knight was paid on a salary basis; second, that
18  Mr. Knight's primary duty was the performance of office or
19  non-manual work directly related to either the management or
20  to the general business operations of the defendant,
21  Tri-County Pools; and, three, that Mr. Knight's primary duty
22  included the exercise of discretion in independent judgment
23  with respect to matters of significance.
24              Now, as you will learn over the next few days,
25  this excuse does not apply to manual laborers or blue-collar
```

```
 1  workers who perform work with their hands, physical skill,
 2  and labor and energy.
 3          You will also hear some specific facts and factors
 4  that you can use to determine whether the defendant in this
 5  case, Tri-County Pools, has met these three elements by the
 6  preponderance of the evidence; and the facts will show that
 7  Mr. Knight's duties did not meet hardly any of these factors
 8  at all.
 9          What's important to keep in mind throughout this
10  case is that my client, Mr. David Knight, is working-class
11  America.  The defendant in this case, Tri-County Pools,
12  provides pool and spa construction and remodeling services.
13  The evidence here will show my client, Mr. Knight, was a
14  laborer.  He worked on the job sites, getting his hands
15  dirty directly along the other laborers that Tri-County
16  Pools hired to construct their pools.
17          The evidence will show that Mr. Knight was not
18  involved in negotiating these contracts, nor was he involved
19  in any marketing, advertising, or payroll relating to same.
20  You'll hear evidence that my client's job was to babysit the
21  job sites, in essence, to confirm that the subcontractors
22  were performing the jobs in accordance to the previously
23  negotiated contracts.
24          You will hear from witnesses who will say
25  Mr. Knight was always on call, that he worked from 7 a.m. to
```

1  7 p.m., literally lending a hand when needed to help push a
2  job along or help fix an error on the job site.
3          The evidence will show that Mr. Knight was not a
4  member of management, as defendant might like you to
5  believe.  In this business, there's a fine line of division.
6  On the one hand, there's the owners of the company, the ones
7  who sat in an office, who negotiated the contracts, drummed
8  up the business, took all the money, and managed the general
9  operations in the company.
10          On the other hand, there's the employees like my
11  client who worked on the job site getting their hands dirty
12  and -- and providing the very service that the company
13  exists to offer, which here is to build swimming pools.
14          The manager, on one hand -- excuse me, the owners,
15  on one hand, they used a pen and calculator as their daily
16  tools.  My client, his daily tools were a chisel, a slab of
17  concrete, and a set of heavy work boots.  We're not saying
18  my client didn't make any decisions at all; we're saying he
19  didn't make any of the important ones.
20          Now, I anticipate the defendant's attorney will
21  get up here and say my client had a fancy job title, that he
22  was involved in ordering parts and materials and hiring
23  workers, but it's important to keep in mind that to the
24  extent my client made any of those decisions, he made those
25  based on his years of experience and skill in the industry

```
 1  and not on any set of independent discretion as the
 2  defendant might like you to believe.
 3          In fact, the evidence will show that Mr. Knight's
 4  regular duties were ensuring the subcontractors actually
 5  showed up on the job site, confirming that all necessary
 6  materials had been delivered, con-- ensuring that the pools
 7  are being constructed for as provided in the blue prints and
 8  the contracts and, if not, lending a hand to make sure that
 9  happens.
10          At the end of this case, the judge will instruct
11  you on the law that you must apply and all the factors that
12  you -- and all the elements that the defendant must have met
13  to meet their burden.
14          As I told you when I first started, it is a case
15  about working-class America.  It's about a company who
16  refused to play by the rules, and the evidence will show
17  that not only did -- that Tri-County Pools disregarded the
18  law, they're now simply making things up to just hide behind
19  their excuse.
20          Before I wrap up, I did want to take a moment to
21  thank each and every one of you for the sacrifices that
22  you'll be making over the next few days.  Everyone has their
23  own family, their own obligations, their own things to
24  attend to.  But make no mistake:  The sacrifice that you'll
25  be making in deciding the issues in this courtroom help make
```

```
 1  our justice system a reality.  It's within courtrooms like
 2  this with juries like you that help make the judicial system
 3  work in this country; and for that, we thank you.
 4          I look forward to presenting the evidence to you
 5  over the next few days.
 6          THE COURT:  All right, Mr. Levenreich.
 7          MR. LEVENREICH:  Thank you, Your Honor.
 8          Good afternoon, ladies and gentlemen of the jury.
 9          The evidence of this case that you will be hearing
10  over the next two to three days will establish that during
11  the relevant time period, the plaintiff, Mr. Knight, was the
12  construction superintendent or construction manager of
13  Tri-County Pools.  The evidence will further establish that
14  the plaintiff, David Knight, is exempt from the Fair Labor
15  Standards Act on the payment of overtime because he met
16  three criteria.
17          The first criteria the evidence will establish is
18  that he was paid on a salary basis of at least $455 per
19  week.  In fact, the evidence will establish that he was paid
20  a salary of nearly double the federal requirement.  The
21  evidence will establish the second requirement that
22  Mr. Knight's primary duty was the construction
23  superintendent or construction manager, that his job was the
24  performance of office or non-manual work directly related to
25  the management or the general business operations of
```

1  Tri-County Pools.  And the evidence will establish, thirdly,
2  that his primary duty as construction superintendent or
3  construction manager included the exercise of discretion and
4  independent judgment with respect to matters of
5  significance.
6          The evidence will establish that as a result of
7  meeting these three requirements, that the plaintiff,
8  Mr. Knight, is not entitled to any more money from
9  Tri-County Pools other than the salary that he has already
10 been paid.
11         Thank you very much.
12  * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
13                      (Excerpt concluded.)
14                           - - - - -

1 | CERTIFICATE OF REPORTER

4       I, SHERRILL L. JACKSON, Federal Official Court
5  Reporter for the United States District Court, Middle
6  District of Florida, Tampa Division,
7       DO HEREBY CERTIFY, that I was authorized to and
8  did, through use of Computer-Aided Transcription, report in
9  shorthand the proceedings and evidence in this cause, as
10 stated in the caption on page 1 of this transcript, and that
11 the pages numbered 1 to 11, inclusive, constitute a true and
12 correct transcription of my shorthand report of said
13 proceedings and evidence.
14       IN WITNESS WHEREOF I have hereunto set my hand
15 this 24th day of October, 2014.

                              *s/Sherrill L. Jackson*
                       _____
                          SHERRILL L. JACKSON, RPR, FPR
                          Federal Official Court Reporter