**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID KNIGHT,**

    **Plaintiff,**

v.                                            **CASE NO.: 8:13-cv-310-T-36EAJ**

**PAUL & RON ENTERPRISES, INC.,**
**d/b/a TRI-COUNTY POOLS, a**
**Florida Profit Corporation,**

    **Defendant.**
_____/

**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, David Knight ("Plaintiff"), by and through his undersigned counsel, files this Motion and Supporting Memorandum in Support of an Award of Attorney's Fees and Costs and states as follows:

**I.**     **PROCEDURAL HISTORY**

1. On February 1, 2013, Plaintiff filed this Complaint seeking unpaid overtime wages, an additional equal amount as liquidated damages, as well as attorney's fees and costs. [D.E. 1]

2. Defendant filed an Answer denying any liability for any unpaid wages on March 25, 2013 [D.E. 5]

3. A jury trial was held in this matter on October 6-8, 2014.

4. At the conclusion of the trial the jury awarded Plaintiff $2,193.75 in Actual Damages. [D.E. 70].

      5.      In addition, the Court awarded Plaintiff Liquidated Damages in the same amount. [D.E. 76].

      6.      A judgment was entered in Plaintiff's favor for a total of $4,387.50. [D.E. 78]

      7.      Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Plaintiff files this Motion in support of an award of his attorney's fees/costs incurred to date in this matter. *Id.*

## MEMORANDUM OF LAW

### I.    Plaintiff is the Prevailing Party and is Entitled to Payment of His Attorneys' Fees and Costs.

Pursuant to 29 U.S.C. §216(b), an award of attorney's fees is mandatory to the prevailing plaintiff in any proceeding to enforce the overtime and minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* This was a proceeding to enforce the provisions of the FLSA.

A prevailing plaintiff's attorney's fee is mandatory. *See Weisel v. Singapore Joint Venture, Inc.,* 602 F 2d 1185 (5th Cir. 1979). In order to have "finally prevailed," a party must have obtained either a judgment on the merits or reached a settlement agreement that was enforced through a consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Department of Health and Human Resources*, 532 U.S. 598, 607, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Plaintiff is the prevailing party in this case as the Court entered Judgment in favor of Plaintiff on October 23, 2014. *See* D.E. 78.

The Eleventh Circuit has ruled that ". . . attorney fees are an ***integral part of the merits of FLSA cases and part of the relief sought therein***." *Shelton v. Ervin*, 830 F.2d

182, 184 (11th Cir.1987) (emphasis added). The FLSA is a remedial statute that "'has been construed liberally to apply to the furthest reaches consistent with congressional direction.'" *Johnston v. Spacefone Corp.,* 706 F.2d 1178, 1182 (11th Cir.1983) (quoting *Mitchell v. Lublin, McGaughy & Assocs.,* 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959)). Courts have long recognized that to achieve the remedial goal of the FLSA, attorney's fees must be awarded. Awarding employees their attorney's fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal representation for legitimate claims." *Odil v. Evans*, 2005 WL 3591962, at *3 (M.D. Ga. 2005). The vast majority of FLSA claims deal with working class people who ordinarily would not have the financial resources to pay an attorney to pursue their overtime or minimum wage claims. This is especially true given that most FLSA claims do not involve significant amounts of money and often times the attorney's fees are more than the FLSA claim itself. Defendants may argue that the amount recovered was lower than the amount sought, and thus, attorneys' fees and costs should be reduced. However, this is incorrect. "Fee awards, however, should not simply be proportionate to the results obtained by the Plaintiff." *James v. Walsh Depot Holdings, Inc.*, 489 F.Supp.2d 1341, 1347 (S.D. Fla. 2007) (citing *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)). Moreover, as the Eleventh Circuit has recognized, "[t]he Supreme Court has instructed us that there is a 'strong presumption' that the lodestar figure, without any adjustment, is the reasonable fee award." *Kenny A. ex rel. Winn v. Perdue*, 532 F.3d 1209, 1220 (11th Cir. 2008)(quoting *City of Burlington*

*v. Dague*, 505 U.S. 557, 562 (1992); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

    A.    **Amount of Attorney's Fees and Costs**

In order to calculate the fees that an attorney is entitled to, the court employs the "lodestar method" and multiplies the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir.1995). The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case. *See id.* Adjustments are to be made as necessary in the particular case. *See Blum v. Stenson,* 465 U.S. 886, 888 (1984); *Kreager v. Solomon & Flannagan, P.A.,* 775 F.2d 1541 (11th Cir. 1985); *Hendrick v. Hercules, Inc.,* 658 F.2d 1088 (5th Cir. 1981).

In considering a fee under a lodestar calculation, courts look to twelve factors, known as the *Johnson* factors, after *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974)[1]. The factors are: (1) the time and labor required for the litigation; (2)

---

[1] In evaluating the *Johnson* factors, courts have recognized that attorneys employed at larger firms, with the requisite larger overhead and/or those that handle nationwide class/collective actions generally should be awarded higher hourly rates than those at smaller firms, handling individual plaintiff cases. *See Davis v. Footbridge Engineering Services, LLC*, 2011 WL 3678928, at *4 (D. Mass. Aug. 22, 2011); *LV v. New York City Dept. of Educ*., 2010 WL 1244287, at *3 (S.D.N.Y. March 31, 2010) (recognizing that the size of the law firm, "is one guidepost for the Court in assessing rates…"); *Heng Chan v. Sung Yue Tung Corp*., 2007 WL 1373118, at *3 (S.D.N.Y. May 8, 2007) (noting where Plaintiff prevailed on a FLSA claim that, "it is appropriate to award a relatively high hourly rate that reflects the institutional resources that made it possible for these attorneys to take on the case.") Significantly, Morgan & Morgan is regarded as the largest Plaintiff side law firm in the United States, with over 200 attorneys. Further, Plaintiff's attorneys are recognized leaders in FLSA litigation throughout the United States, and have served or are currently serving as lead counsel in nationwide collective/class actions in Oregon, New York, Texas, Florida and elsewhere. *See, e.g., Aponte v. Comprehensive Health Management, Inc*., 2011 WL 2207586 (S.D.N.Y. June 2, 2011) (conditionally certifying a nationwide FLSA class and statewide NYLL class of "benefits consultants"); *Dacar v. Saybolt, LP*, 4:11-cv-00433, D.E. 135 (S.D. Tex. June 2, 2011)(certifying nationwide class of "oil, gas and chemical inspectors"); *Mills v. RM International, Inc*., 3:11-cv-00129, D.E. 38 (D. Or. March 31, 2011) (conditionally certifying nationwide class of "test drivers"); *Reyes v. AT & T Corp*., 2011 WL 3517004 (S.D. Fla. Feb. 28, 2011) (conditionally certifying a nationwide class of

the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See id.* at 717-19.; s*ee also Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988)(extensive discussion by the 11th Circuit of the *Johnson* factors and awarding fees).

### B.    Application of the *Johnson* Factors

Counsel for prevailing plaintiffs should be paid as is traditional with attorneys compensated by a fee paying client for all time reasonably expended on a matter. *See Blanchard v. Bergeron,* 489 U.S. 87, 91 (1989). The party seeking attorneys' fees bears the burden of documenting the appropriate hours expended. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995).

First, as to the time and labor required for this litigation, attached to this Motion as Composite **EXHIBIT "A"** is the Affidavit of AMANDA KAYFUS, in which the undersigned provides the Court with the requisite itemized statement of the time and labor expended on this case. The Affidavit contains a certification that the Affiant has

---

"retail account executives"); *Brantley v. Inspectorate America Corp.,* 4:09-cv-02439, D.E. 43 (S.D. Tex. April 14, 2010) (nationwide class of "oil, gas and chemical inspectors" conditionally certified).

fully reviewed the time records that are the supporting data for the Affidavit and that the hours claimed are well grounded in fact and justified. The Affidavit of Amanda Kayfus confirms the total hours incurred in litigating this case to date. Time sheets confirming same have been attached and the entries differentiate the legal work that was completed in this matter. The total hours up to the filing of this Motion are 215.65 attorney hours and 71.72 paralegal hours totaling fees in the amount of $60,992.50. Additionally, Plaintiff incurred taxable costs in this matter in the amount of $7,438,71.

In determining the reasonable hourly rate, courts look to the reasonable hourly rate for attorneys of a similar caliber practicing in the community. *See Watkins v. Fordice,* 7 F.3d 453, 458 (5th Cir.1993); *Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir.2002); *In re Enron Corp. Sec., Derivative & ERISA Litig.,* 586 F.Supp.2d 732, 756 (S.D.Tex.2008). When an attorney's requested rate is his customary billing rate and within the range of prevailing market rates, the court should consider the rate *prima facie* reasonable if not contested. *See Louisiana Power & Light,* 50 F.3d at 328. As noted below, case law regarding recent fee awards in FLSA cases generally and regarding Attorney Leach specifically supports a fee award at a rate of $325.00 hour.

C.   **Recent Fee Awards in FLSA Cases**

A survey of recent, similar FLSA cases reveals the following attorney fee rates awarded in the Orlando division for similar cases: *See Montes v. Luxottica Retail North America, Inc.*, 2010 U.S. Dist. Lexis 41297, n. 1 (M.D. Fla. Apr. 19, 2012), report and recommendation adopted, 2010 U.S. Dist. Lexis 41299 (M.D. Fla. Apr. 27,

6

2010)(awarding $350 per hour); *See also Sanchez v. Statewide Mortgage Group, LLC*, 6:08-cv-00875-MSS-GJK, D.E. 76 (M.D. Fla. March 26, 2010) (awarding Attorney Frisch $300.00 per hour); *Quinones v. J.P. Morgan Chase & Co.*, 6:09-cv-00299, 2010 WL 376012 (M.D. Fla. 2010) (same); *Rastellini v. Amy Charles, Inc.*, 2009 WL 2579316, at *4 (M.D. Fla. Aug. 17, 2009) (same); *see also Vega v. Amer International Corp.*, 8:08-cv-00128-T-24 (M.D. Fla 2009) (same); *see also Callow v. Arch Angel Welding and Masonry, Inc.*, 8:08-cv1590-T-24, D.E. 23 (M.D. Fla. 2009) (same); *McGill v. Pegasus Foods, Inc.*, 2010 WL 4449036 (M.D.Fla. 2010) (awarding $275 per hour to an attorney with similar experience); *Young v. Hilton Grand Vacations Club, LLC*, 2010 WL 5479651 (M.D.Fla. 2010) (awarding $250 per hour to an attorney with similar experience); *Swisher v. The Finishing Line, Inc.*, 2008 WL 4330318 (M.D.Fla. 2008. ($300 per hour); *Simeone v. Specialty Roofing and Coating Co.*, 2008 WL 2275537 (M.D.Fla. 2008)($250 per hour); *Jimenez v. Elite Associates & Group, Inc.*, 2008 WL 638329 (M.D.Fla. 2008)($250 per hour); *Reyes v. Falling Star Ent ., Inc.*, No. 6:04-cv-1648-Orl-KRS, 2006 WL 2927553, (M.D.Fla. 2006)($250.00 per hour); *Maranon v. Appliance Direct, Inc.*, 2008 WL 151891 (M.D.Fla. 2008)($300 per hour); *Smith v. Richard's Restoration, Inc.*, Case No. 6:05-cv-1072-Orl-DAB, Doc. no. 61 (M.D.Fla. 2007)($300.00 per hour); *Michaud v. U.S. Steakhouse Bar and Grill, Inc.*, 2007 WL 2572197 (M.D.Fla. 2007)($250.00 per hour); *Trujillo v. Superior Hotels, Inc.*, 2007 WL 2114288 (M.D.Fla. 2007)($250.00 per hour); *Armitage v. Dolphin Plumbing & Mechanical, LLC*, 2007 WL 1789110 (M.D.Fla. 2007)($300, $250, $280, $250 awarded respectively to four attorneys); *Allen v. Shayona Enterprises of America, Inc.*, 2007 WL

7

1626199 (M.D.Fla. 2007)($250 per hour). *Stoudt v. C T Windows, Inc.*, 2009 WL 50203 (M.D.Fla. 2009)($300 per hour); *Hayams v. U.S. Central FL Contractors, Inc.*, 2008 WL 5341178 (M.D.Fla. 2008)($250 per hour); *Tillman v. Marlin eSourcing Solutions, LLC*, 2008 WL 5210717 (M.D.Fla. 2008)(awarding defense counsel $275 per hour); *Rivera v. Hair Club for Men, Ltd., Inc.*, 2008 WL 5401631 (M.D.Fla. 2008)($300 per hour); *Ball v. IFO, Inc.*, 2009 WL 395338 (M.D.Fla. Feb., 2009)($300 per hour); *Gray v. Golden Bear Day School, Inc.*, No. 6:08-cv-3-Orl-31KRS, Doc. No. 33 (M.D.Fla. Nov. 4, 2008)($250.00 per hour); *Craine v. Cent. Fla. Neurology, P.A.*, No. 6:07-cv-1615-Orl-28GJK, Doc. No. 21 (M.D.Fla. Jun. 20, 2008) ($250.00 per hour); *Mosley v. Drake Lawn & Pest Control, Inc.*, 2009 WL 1706584 (M.D.Fla. 2009)($250 per hour); *Taylor v. Marilyn G. Lajoie, M.D., D.C., P.A.*, 2009 WL 2423304 (M.D.Fla. 2009)(August 4, 2009 $275 per hour); *Fischer v. Taylor Morrison Servs., Inc.*, No. 8:08-cv-865-T-30TBM, 2008 WL 4790520 (M.D.Fla. Oct. 30, 2008)($250.00 hourly rate reasonable for attorney admitted to practice in 2001).[2]

Recently in this District, on a contested motion for fees, attorney Andrew Frisch's reasonable hourly rate was determined to be $325.00.  *See Andrike v. Maple Way Community, Inc.,* 2013 WL 1881135, at *3 (M.D. Fla. May 3, 2013) (Bucklew, J.). Moreover, this District has previously held, on numerous occasions, that attorney Andrew Frisch's reasonable hourly rate was $300.00 per hour.  *See Marriott v. D & D Tractor and Truck Service, Inc.*, 2012 WL 2127731, at *3 (M.D. Fla. May 1, 2012)  ($300.00 reasonable for Andrew Frisch where his client prevailed in FLSA case); *Sanchez v.*

---

[2] Plaintiffs' counsel does not represent that these cases represent all recent fee awards.  These are merely a

*Statewide Mortgage Group, LLC, et al.,* CASE NO. 6:08-cv-00875-MSS-GJK, D.E. 83 (M.D. Fla. August 10, 2010) (finding the undersigned's reasonable hourly rate to be $300.00, following a hearing as to Plaintiff's damages and reasonable attorney's fees and costs). In so doing, the Court joined many courts within this judicial district that have previously found Mr. Frisch's reasonable hourly rate to be $300.00. *See, e.g., see Vance v. HFS–USA, Inc.*, 2009 WL 4730642, at *1 (M.D. Fla. Dec. 8, 2009)(Bucklew, J.); *see also Callow v. Arch Angel Welding and Masonry, Inc.*, 8:08-cv-1590-T-24 TBM (M.D. Fla. 2009)(Bucklew, J.); *see also Quinones v. JPMorgan Chase & Co.*, 2010 WL 376012 (M.D. Fla. 2010)(determining Frisch's reasonable hourly rate to be $300.00 per hour in an FLSA case); *Rastellini v. Amy Charles, Inc.*, 2009 WL 2579316, at *4 (M.D. Fla. Aug. 17, 2009)("the undersigned recommends that the Court find the rate requested [$300.00 per hour] for Mr. Frisch is reasonable."). In line with the majority of recent decisions regarding Attorney Frisch's reasonable hourly rate, the Court should award at least $300.00 per hour as Frisch's reasonable hourly rate.

This Court has recognized that orders from other courts within this District, including state court orders are persuasive, in considering an attorney's reasonable hourly rates. *See Reliable Salvage and Towing, Inc. v. Gunter*, 2:06-cv-534-FtM-34SPC, 2007 WL 4557143, at *1 (M.D. Fla. Nov. 20, 2007) (Basing attorney's reasonable hourly rate, in part, on an order from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsboro County, Florida). Attorney Carlos Leach has been awarded $300 per hour by multiple Circuit Courts in central Florida as far back as 2006. In addition, attorney Leach

---

random sampling.

has received multiple Orders from the Orlando Division awarding an hourly rate of $250 in over three years ago in 2009. *See Jacobs v. Kingswere Furniture, Inc.*, Case No.: 6:07-CV-01982-JA-KRS, Doc. 74 (M.D. Fla. May 20, 2009); *See also Martwick v. Mitel Networks, Inc., et.al*, Case No.: 6:08-CV-839-Orl-19GJK at Doc. 32 (M.D. Fla. May 1, 2009); *Oliviera et al. v. Reliable Personnel Services, et al.*, Case No.: 6:08-CV-1518-Orl-28GJK at Doc. 42 (M.D. Fla. May 26, 2009); *Steinhauser v. Electrical Energy Systems, Inc.*, Case No.: 6:08-CV-2076-Orl-35GJK at Doc. 26 (M.D. Fla. May 6, 2009); *Rosado v. Orange County, Florida*, Case No.: 6:09-CV-763-Orl-28-MSS-KRS at Doc. 17 (M.D. Fla. October 2, 2009)(case involving similar facts and legal issues to the case at hand). Certainly a reasonable progression in four years would warrant an increase to $350 per hour.

      E.    **Recent Florida Surveys**

Recent surveys confirm that hourly rates of $400 and $250 per hour are reasonable for Plaintiff's counsel as well. The Florida Bar's 2012 Economics and Law Office Management Survey's statistics revealed the average hourly rate for attorneys in Central Florida. *See* http://www.floridabar.org (follow "About the Bar" hyperlink; then follow "Organization" hyperlink; then follow "Strategic Plan/Research" hyperlink; then follow "2010 Economics & Law Office Management Survey" hyperlink). In 2012, 65% of Florida attorneys billed more than $200 per hour, while more than 40% billed at more than $250 per hour. *Id*. at 9-10. In Central Florida, 68% of lawyers billed at more than $200. *See id*.

In *Shannon v. Saab Training USA, Inc.,* Case No.: 6:08-cv-803-Orl-19DAB, Doc. 45 at p.4 (M.D. Fla June 3, 2009), former Chief Judge Fawsett reviewed several surveys conducted by national publications and concluded that based on these national and local statistics, the practices in this District, and this Court's experience handling countless FLSA cases, that the prevailing hourly rates in the Orlando market for attorneys are as follows:

| Years of Experience | Hourly Rates (APPROXIMATE) |
|---|---|
| Less than 3 | $125 to $175 |
| 3 to 5 | $175 to $225 |
| 5 to 7 | $225 to $275 |
| Over 7 years | $275 and up |

*Id*. at pp. 4-5. The attorneys' fee in this case is based upon the lodestar prevailing rate as permitted by 29 U.S.C. §216(b). The attorneys' fee was not guaranteed, and was entirely contingent upon Plaintiff prevailing in this matter, which she has have done in full. Had Plaintiff not prevailed, Plaintiff's counsel would not have been entitled to recovery of any attorneys' fee nor compensation for costs incurred on Plaintiff's behalf.

    F.    **Additional Johnson Factors**

Courts have long recognized that to achieve the remedial goal of the FLSA, attorney's fees *must* be awarded. Awarding employees their attorney's fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal representation for legitimate claims." *Odil v.*

11

*Evans*, 2005 WL 3591962 *3 (M.D.Ga.2005). The vast majority of FLSA claims deal with working class people who ordinarily would not have the financial resources to pay an attorney to pursue their overtime or minimum wage claims. This is especially true given that most FLSA claims do not involve significant amounts of money and often times the attorney's fees are more than the FLSA claim itself.

Defendant may also argue that the amount recovered $4,387.50 (D.E. 78) was lower than the amount sought by Plaintiff in his closing argument, and thus, attorneys' fees and costs should be reduced. However, this is incorrect. "Fee awards, however, should not simply be proportionate to the results obtained by the Plaintiff." *James v. Walsh Depot Holdings, Inc.*, 489 F.Supp.2d 1341, 1347 (S.D. Fla. 2007) (*citing City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)). The Supreme Court, eschewing a "precise rule or formula" for calculating attorney's fees, has repeatedly rejected a strict proportionality requirement. *See Richardson Indep. Sch. Dist. v. Michael Z.*, 561 F. Supp. 2d 610, 630 (N.D. Tex. 2008).

"We recognize that, under civil rights statutes such as the ADEA, 'there is no per se requirement of proportionality in an award of attorney fees[.]' " Nevertheless, " '[t]he amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded[.]' " *West v. Nabors Drilling USA, Inc.,* 330 F.3d 379, 395 (5th Cir.2003) (quoting *Hernandez v. Hill Country Tel. Co-op.,* 849 F.2d 139, 144 (5th Cir.1988) (addressing 42 U.S.C. § 1988)). "The amount of damages a plaintiff recovers is only one of many factors that a court must consider when calculating an award of attorneys' fees. An attorneys' fee award does not need to be commensurate with the actual

12

amount of dollars awarded to the plaintiff." *Green,* 284 F.3d at 663 (Title VII case); *but see Hernandez,* 849 F.2d at 144 (stating "proportionality is an appropriate consideration in the typical case").

"Given the nature of claims under the FLSA, it is not uncommon that attorney's fee requests will exceed the amount of the judgment in the case." *Holyfield v. F.P. Quinn & Co.*, No. 90 C 507, 1991 WL 65928, at *1 (N.D.Ill. Apr.22, 1991) (**awarding $6,922.25** in fees and costs where the plaintiff had obtained a **judgment for $921.50**); *see Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir.1994) (affirming **award of $7,680** in overtime compensation and **$40,000 in attorneys' fees**); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir.1990) (affirming an **award of $1,181** in overtime compensation and **$9,250 in attorneys' fees**); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir.1983) (affirming **award of $18,455** in damages and **$100,000 in attorneys' fees**). This case is no different.

## TOTAL FEE AWARD

When considering all of Plaintiffs' counsel's recent fee awards, the overwhelming majority of fee awards in the Middle District, and the surveys listed above, Plaintiffs' counsel argues that the objective evidence provided yields that $400 and $250 per hour are reasonable rates for this case. Respectfully, the total fee for Morgan & Morgan, P.A. should be **$60,992.50**, as well as costs in the amount of **$7,438,71** in *taxable* costs (*see* **EXHIBIT A;** *see also* Affidavit of Andrew Frisch, Esquire, attached hereto as **EXHIBIT B**; Affidavit of Carlos Leach, attached hereto as **EXHIBIT C**).

## CERTIFICATE OF GOOD FAITH CONFERRAL

Plaintiff's counsel certifies that pursuant to Local Rule 3.01 (g), she has conferred with counsel for the Defendant, and the Parties have not been able to resolve the issues within this motion.

Dated this 12th day of November, 2014.

Respectfully submitted,

**/s/ AMANDA E. KAYFUS**
Amanda E. Kayfus, Esq.
Morgan & Morgan, P.A.
FL Bar No. 092805
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 327-3013
Email: akayfus@forthepeople.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of November, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: *All Counsel of Record.*

**/s/ AMANDA KAYFUS**
Amanda E. Kayfus, Esquire